QUEEN CITY PRINTING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6985.   Promulgated March 15, 1927.

The amount of traveling expenses determined and allowed as a deduction.

*H. A. Murrill* for the petitioner.
*S. S. Faulkner, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for 1919, 1920, and 1921, in the amounts of $863.10, $667.53 and $223.46, respectively. The deficiencies result from the disallowance of traveling expenses of the president of the petitioner corporation, the disallowance of a deduction claimed as a loss on the sale of a safe, the disallowance of a deduction claimed on account of depreciation, and the inclusion in income of the profit on the sale of an automobile.

The petitioner introduced no evidence with respect to the deduction claimed in the amount of $150 as a loss on the sale of the safe, or with respect to the profit on the sale of an automobile, the evidence being confined to the question of the traveling expenses and the depreciation.

### FINDINGS OF FACT.

The petitioner is a North Carolina corporation, with its principal office and place of business at Charlotte. It was engaged in the printing business. It owned its plant and equipment. In 1916 a reorganization was begun which was perfected the latter part of that year or the first part of 1917. The plant was overhauled and a new value was put upon it. Additional stock was sold and the charter was amended, and from that time the authorized capital stock was $50,000.

The respondent disallowed depreciation claimed by the petitioner in its return for 1920 to the extent of $2,970.68, and disallowed depreciation claimed in its return for 1921 to the extent of $2,234.63. The respondent disallowed a deduction of $1,800 claimed by the petitioner on account of traveling expenses paid to the president of the corporation.

Murrill, president of the company, was engaged during 1919 in traveling over a large part of the United States in behalf of the corporation. He made several trips to Washington, Baltimore, Chicago, Philadelphia and New York; from New York to Chicago and return; to Atlanta, Memphis, Nashville, New Orleans, and other places. During 1919 the petitioner had considerable labor trouble in its plant, and its president was engaged during a considerable part of the year in finding printers and other employees to carry on the work of the corporation. The petitioner's plant was an open shop. During 1919, union men were employed there and there were various strikes during the year in different departments of the plant.

Murrill, president of the company, paid out in traveling and other expenses while away from Charlotte, where the plant was located, $3,000 in undertaking to secure employees to carry on the work and to break up and prevent strikes, which amount was paid to him by the corporation. He made an itemized statement of the amount of such expenses and handed it to a clerk in the office to be placed upon the books, but the statement was torn and only that part of it which contained expenses amounting to $1,200 was actually placed on the books, the other part being lost. The respondent allowed as a deduction that part of the expenses which appeared upon the books. The amount of the expenses disallowed by the respondent to the extent of $1,800 was actually paid by the petitioner during the year involved in carrying on its trade or business.

## OPINION.

TRAMMELL: We are convinced by the testimony that the petitioner actually expended the amount of $3,000 for expenses of traveling, food and lodging of its president while away from the place of business of the petitioner during 1919. Murrill, the president, testified that he kept and made a statement of the expenses and handed them to a clerk in his office to be placed on the proper books of the petitioner, but that the statement was torn and a portion of it was lost. We are satisfied as to the truth of the statements made by the witness on the stand and are of the opinion that the amount of $1,800, in addition to the amount of $1,200 allowed by the respondent for such expenses, should be allowed as a deduction.

With respect to the question of depreciation, there is no evidence as to the kind or character of the assets, the cost thereof or any other facts upon which we could find that the determination of the respondent was not correct. We therefore affirm the action of the respondent in that respect.

No testimony was introduced with respect to the other alleged errors and we must affirm the determination of the respondent in all respects, except with respect to the disallowance of traveling expenses in the amount of $1,800, as above set forth.

> *Judgment will be entered on 15 days' notice, under Rule 50.*